# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENDRA MUNOZ, | ) |
| | ) CIVIL ACTION FILE |
| Plaintiff, | ) File No. _____ |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| SELIG ENTERPRISES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Kendra Munoz ("Plaintiff" or "Ms. Munoz") files this Complaint for Equitable Relief and Damages against Defendant Selig Enterprises, Inc. ("Selig" or "Defendant") showing the Court the following:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Munoz's rights, and to make her whole. This is also an action for both willful interference and willful retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Ms. Munoz seeks injunctive and declaratory relief, back pay and lost benefits, front pay or

reinstatement to a full-time position with commensurate benefits, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs of litigation.

2. Ms. Munoz brings this action because: (1) under the ADA, she had an actual impairment (uterine fibroids and ovarian cysts and endometriosis), a record of actual impairment, or Selig regarded her as having an impairment for which she was terminated; (2) she notified Selig of her FMLA-qualifying serious health conditions and Selig willfully failed to provide her FMLA certification paperwork or otherwise categorize her leave as FMLA-qualifying and instead disciplined and ultimately terminated her because of her FMLA-qualifying absences; and (3) Selig terminated her employment in retaliation for notifying it of her serious health conditions and that her attendance issues were related to her serious health conditions.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Selig conducts business in this district and division and the

unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Munoz filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 410-2014-01087 – on December 2, 2013 and amended that charge of discrimination on February 18, 2015.

6. On March 21, 2016, the EEOC issued a Dismissal and Notice of Rights.

7. On May 26, 2016, Ms. Munoz and Selig, through their attorneys, entered into an agreement tolling the statute of limitations for all of Ms. Munoz's claims so that the parties could engage in attempts to resolve this matter.

8. In compliance with the tolling agreement, Ms. Munoz brings this action within thirty (30) days of the tolling agreement being revoked.

9. Ms. Munoz has satisfied all administrative prerequisites to suit.

### THE PARTIES

10. Ms. Munoz is a citizen of the United States and a resident of the State of Georgia. Ms. Munoz submits herself to the jurisdiction of this Court.

11. Ms. Munoz is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

12. Ms. Munoz had been employed with Selig for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

13. Ms. Munoz is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

14. Ms. Munoz is a person with a disability because she has actual physical impairments – uterine fibroids and ovarian cysts and endometriosis – causing substantial limitations in one or more major life activities, because she has a record of impairment, and because Selig regarded her as having an impairment.

15. Ms. Munoz is capable of performing the essential functions of her job with or without an accommodation.

16. Selig is a for-profit corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

17. Selig is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

18. Selig had more than 50 employees within a 75-mile radius of the location in which Ms. Munoz was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

19. Selig is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

20. Selig may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Kenneth J. Clayman, 1100 Spring Street NW, Suite 550, Atlanta, Georgia 30309.

## STATEMENT OF FACTS

21. Ms. Munoz began employment with Selig Enterprises in in January 2005 as an Executive Leasing Assistant reporting to Jim Saine (Vice President, Industrial and Office Leasing) and Kent Walker (Vice President, Industrial Properties).

22. In the beginning and until she became ill in 2011, Ms. Munoz's employment was uneventful and her reviews were good.

23. In October 2011, Ms. Munoz began experiencing symptoms of uterine fibroids and endometriosis (although the endometriosis was not officially diagnosed until April 2013).

24. As a result of these conditions, which qualify as serious health conditions under the FMLA and ADA-covered disabilities, Ms. Munoz suffered severe pain, exhaustion, and lack of bodily function control.

25. Ms. Munoz was quite open about her conditions and symptoms with Mr. Saine and Mr. Walker.

26. Mr. Walker and Mr. Saine dismissed Ms. Munoz's serious health conditions/disabilities as "female issues."

27. Ms. Munoz began being late to work and/or absent because of her FMLA/ADA-covered health conditions.

28. Both Mr. Saine and Mr. Walker knew that her tardiness and absences were because of her fibroids and as yet undiagnosed endometriosis yet, never informed Ms. Munoz of her rights under the FMLA and never provided Ms. Munoz with FMLA certification paperwork even when she had surgery in March 2013, of which they were aware.

29. Mr. Saine and Mr. Walker also knew that Ms. Munoz's daughter had been diagnosed with a serious health condition that required Ms. Munoz to miss work and was also an FMLA-qualifying condition and failed to provide Ms. Munoz FMLA certification paperwork to care for her daughter.

30. In April 2013, Ms. Munoz was officially diagnosed with endometriosis and shared this diagnosis with Mr. Saine and Mr. Walker.

31. Ms. Munoz also shared with Mr. Saine and Mr. Walker that her first treatment for this chronic condition would take place on May 1, 2013.

32. After sharing the fact that she had been diagnosed with a chronic serious health condition/disability, Mr. Saine began excessively documenting Ms. Munoz's attendance issues, yet he still failed to provide Ms. Munoz with FMLA paperwork.

33. On June 6, 2013, Mr. Saine and Mr. Walker met with Ms. Munoz to review a performance document (even though she had not been reviewed since 2010).

34. Mr. Saine and Mr. Walker were attempting to discipline Ms. Munoz based on attendance issues relating to her serious health conditions/disabilities that should have been protected under the FMLA and the ADA.

35. The document Mr. Walker and Mr. Saine attempted to force Ms. Munoz to sign noted that she agreed that she needed to improve and could be subject to termination if she did not.

36. Ms. Munoz explained to Mr. Saine and Mr. Walker that she could not sign the document because they were attempting to discipline her based on her serious health conditions/disabilities.

37. Mr. Saine replied, "You have been so-called sick for over a year now. Nobody is sick that long!"

38. Mr. Saine and Mr. Walker left the meeting and returned 15 minutes later and terminated Ms. Munoz for being unable to sign the discriminatory performance warning.

39. In the past, Ms. Munoz was permitted to revise performance documents to more accurately reflect the course of events before she signed the document, but that did not happen here.

**COUNT I**
**Violation of ADAAA – Regarded As Disabled**

40. Ms. Munoz incorporates by reference all of the preceding paragraphs of the Complaint.

41. At all times relevant hereto, Selig has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

42. At all times relevant hereto, Ms. Munoz was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because Selig regarded her as a person with an impairment as defined by the Act.

43. Moreover, at all times relevant hereto, Ms. Munoz has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

44. Selig disciplined and terminated Ms. Munoz based on conduct for which it does not discipline its non-disabled employees.

45. Selig terminated Ms. Munoz because it regards her as disabled.

46. Selig's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

47. As a direct and proximate result of Selig's intentional discrimination, Ms. Munoz has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

48. Selig's actions have caused and continue to cause Ms. Munoz to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
### Actual Discrimination/Failure to Accommodate in Violation of ADAAA

49. Ms. Munoz incorporates by reference all of the preceding paragraphs of the Complaint.

50. At all times relevant hereto, Selig has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

51. At all times relevant hereto, Ms. Munoz was an individual with a disability – uterine fibroids and cysts and endometriosis – as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

52. Selig was aware of Ms. Munoz's disabilities and history and record of disability.

53. At all times relevant hereto, Ms. Munoz has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

54. Ms. Munoz's disabilities substantially limited one or more major life activities.

55. Ms. Munoz told Selig that her attendance issues were related to her disabilities.

56. Ms. Munoz also told Selig that she was officially diagnosed with endometriosis and would begin treatment on May 1, 2013.

57. Selig refused to grant Ms. Munoz accommodations and FMLA leave, disciplined her for absences and tardiness that should have been covered by the ADA and FMLA, and terminated her because of her disability.

58. Within thirty-seven days of notifying Selig of her diagnosis and treatment plan, Selig terminated her employment because of her disabilities.

59. Selig's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

60. As a direct and proximate result of Selig's intentional discrimination, Ms. Munoz has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

61. Selig's actions have caused, continue to cause, and will cause the Ms. Munoz to suffer damages for emotional distress, mental anguish, loss of enjoyment

of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
### Interference with FMLA Leave

62. Ms. Munoz incorporates by reference all of the preceding paragraphs of the Complaint.

63. Ms. Munoz was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

64. Selig failed and refused to provide Ms. Munoz with FMLA certification paperwork or otherwise notify her of her FMLA rights after being put on notice of her need for intermittent FMLA leave.

65. Selig failed and refused to classify Ms. Munoz's FMLA qualifying absences and tardies as FMLA covered in willful violation of the FMLA.

66. Selig then terminated Ms. Munoz based on FMLA qualifying absences and tardies in violation of the FMLA.

67. Selig prevented Ms. Munoz from exercising the rights provided to her under the FMLA.

68. Selig's actions in interfering with Ms. Munoz's federal right to FMLA leave were committed with reckless disregard for her right to take up to 12 work

weeks of leave on an intermittent basis to care for her serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

69. The effect of Selig's actions has been to deprive Ms. Munoz of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

70. As a result, Ms. Munoz is entitled to both equitable and monetary relief for Selig's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

71. Ms. Munoz is also entitled to liquidated damages for Selig's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT IV
## Retaliation in Violation of the FMLA

72. Ms. Munoz incorporates by reference all of the preceding paragraphs of the Complaint.

73. Ms. Munoz was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

74. In terminating Ms. Munoz's employment, Selig retaliated against Ms. Munoz for attempting to exercise her right to take leave as provided under the FMLA.

75. Selig's actions in retaliating against Ms. Munoz for attempting to exercise her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

76. The effect of Selig's actions has been to deprive Ms. Munoz of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

77. As a result, Ms. Munoz is entitled to both equitable and monetary relief for Selig's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

78. Ms. Munoz is also entitled to liquidated damages for Selig's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Selig's acts, policies, practices, and procedures complained of herein violated Ms. Munoz's rights as secured under the FMLA and ADA;

(b) Grant Ms. Munoz a permanent injunction enjoining Selig, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Ms. Munoz and others similarly situated because of the exercise of their rights under the FMLA and the ADA or because of her participation in this lawsuit;

(c) Grant to Ms. Munoz judgment in her favor and against Selig under all counts of this Complaint;

(d) Order Selig to make Ms. Munoz whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Selig's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e) Order that Ms. Munoz be reinstated or, in the alternative, be awarded front pay;

(f) Order Selig to compensate Ms. Munoz for mental and emotional damages suffered as a result of Selig's unlawful and discriminatory acts under the ADA;

(g) Grant to Ms. Munoz liquidated damages for Selig's willful violations of the FMLA;

(h) Grant to Ms. Munoz punitive damages for Selig's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as amended);

(i) Grant to Ms. Munoz a jury trial on all issues so triable;

(j) Grant to Ms. Munoz her reasonable attorneys' fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended) and the FMLA; and

(k) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 20th day of October 2016,

          LEGARE, ATTWOOD & WOLFE, LLC

          <u>s/ Cheryl B. Legare</u>
          Georgia Bar No. 038553
          cblegare@law-llc.com

400 Colony Square, Suite 1000
1201 Peachtree Street NE
Atlanta, GA  30361
Telephone: (470) 823-4000
Facsimile:  (470) 201-1212